UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John C. Burke, III

    v.      Civil No. 14-cv-326-LM
    Opinion No. 2014 DNH 252

Wells Fargo Bank, N.A.,
as Trustee on behalf of the
holders of Harborview Mortgage
Loan Pass-Through Certificates
2006-12

## O R D E R

Wells Fargo Bank, N.A., as Trustee on behalf of the holders of Harborview Mortgage Loan Pass-Through Certificates 2006-12 ("Wells Fargo"), foreclosed on the Derry, New Hampshire property (the "property") of John C. Burke, III. Burke, acting pro se, filed suit in state court seeking to enjoin Wells Fargo from proceeding with a possessory action on the property. After removing the suit to this court, Wells Fargo filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Burke filed no response. For the reasons set forth below, the motion to dismiss is granted.

### Legal Standard

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6),

requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). When considering such a motion, a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc)). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The court construes Burke's complaint liberally because he is proceeding pro se. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). "However, pro se status does not insulate a party from complying with procedural and substantive law. Even under a liberal construction, the complaint must adequately allege the elements of a claim with the requisite supporting facts." Chiras v. Associated Credit Servs., Inc., 12-10871-TSH, 2012 WL 3025093, at *1 n.1 (D. Mass. July 23, 2012) (citing

2

Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citations and internal quotation marks omitted)).

**Factual Background**

In October of 2006, Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., issued a mortgage to John and Derika Burke, secured by the property. The record suggests that the mortgage was subsequently conveyed to Wells Fargo. In February of 2013, Wells Fargo sold the property to itself at a public foreclosure sale.

Approximately a year later, Wells Fargo recorded the foreclosure deed in the Rockingham County Registry of Deeds, along with an affidavit, as required by New Hampshire law. See N.H. Rev. Stat. Ann. ("RSA") 479:26. Both the foreclosure deed and the affidavit were executed by Select Portfolio Servicing, Inc. ("Select Portfolio"), Wells Fargo's attorney-in-fact.

The foreclosure deed and accompanying affidavit both referenced a power of attorney "recorded herewith," purportedly authorizing Select Portfolio to take certain actions on behalf of Wells Fargo. However, a power of attorney was not included with the foreclosure deed or the affidavit.

Burke brought this action in state court alleging that Wells Fargo violated RSA 479:26, and acted in a deceptive and unfair manner in violation of the New Hampshire Consumer

3

Protection Act, RSA 358-A et seq. ("CPA"), by referencing but failing to record the power of attorney.  Burke seeks a declaration that the foreclosure deed is invalid, and he asks that the court enjoin the pending possessory action.

## Discussion

Wells Fargo is correct that New Hampshire law did not require it to record a power of attorney with the foreclosure deed.  Rather, "New Hampshire law provides that a power of attorney <u>may</u> be recorded . . . but [it] does not require recording." Calef v. Citibank, N.A., No. 11-cv-526-JL, 2013 WL 653951, at *5 (D.N.H. Feb. 21, 2013) (emphasis added) (citations and internal quotation marks omitted); <u>see also</u> RSA 477:9 (a power of attorney "<u>may</u> be recorded as required for a deed . . . .") (emphasis added).  Thus, Wells Fargo's failure to record a power of attorney with the foreclosure deed and accompanying affidavit did not violate RSA 479:26, nor did it render the foreclosure deed invalid.

Because Burke has failed to plead an actionable violation of 479:26, his claim under the CPA must also fail.  The CPA prohibits the use of "any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within [the State of New Hampshire]."  RSA 358-A:2. Because Burke has not demonstrated that Wells Fargo was under

4

any legal obligation to file a power of attorney with the foreclosure deed or the affidavit, Burke cannot show that Wells Fargo acted in an unfair or deceptive manner. Thus, there are no grounds on which the court could enjoin the possessory action, and Wells Fargo is entitled to dismissal of Burke's CPA claim.

## Conclusion

For the foregoing reasons, Wells Fargo's unopposed motion to dismiss (doc. no. 5) is granted. The court's dismissal is, however, without prejudice. In his complaint, Burke sought leave to amend to "include additional claims and/or defendants pending further discovery as justice so requires." Complaint, doc. no. 1.4 at 3. It is not clear why Burke failed to include these allegations in his original complaint. However, as Burke is pro se, the court grants him the leave he has requested. Accordingly, on or before January 16, 2015, Burke shall file an amended complaint or the court will dismiss this case with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 16, 2014
cc: John C. Burke, III
    Nathan R. Fennessy, Esq.

5