UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John C. Burke, III

    v.                                            Civil No. 14-cv-326-LM
                                                       Opinion No. 2015 DNH 091

Wells Fargo Bank, N.A., as
Trustee on behalf of the holders
of Harborview Mortgage Loan Pass-
Through Certificates 2006-12

**O R D E R**

The above-captioned matter involves a foreclosure dispute between the plaintiff, John C. Burke, III, and the defendant, Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Wells Fargo's motion is granted, and the case is dismissed with prejudice.

**Background**

I.    Factual Allegations[1]

Pursuant to a 2006 loan agreement, Mr. Burke granted a mortgage on his home in Derry, New Hampshire to Mortgage

---

[1] The facts are summarized from Mr. Burke's Amended Complaint in Plea of Title and for Other Equitable Relief and Damages (doc. no. 10), as well as the exhibits attached thereto. See Trans-Spec Truck Serv. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008) (noting that "[e]xhibits attached to the complaint are properly considered part of the pleading"). Mr. Burke is proceeding pro se, and thus the court construes his Amended Complaint liberally. Erikson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

1

Electronic Registration Systems, Inc. ("MERS").[2] At some point after 2006, MERS assigned the mortgage to Bank of America. Then, on March 7, 2012, Bank of America assigned it to Wells Fargo.

After Mr. Burke defaulted on the loan agreement, Wells Fargo foreclosed on the property and sold it to itself at a public auction in February of 2013. Approximately a year later, Wells Fargo recorded the foreclosure deed in the Rockingham County Registry of Deeds, along with an affidavit, as required by New Hampshire law. See N.H. Rev. Stat. Ann. § 479:26(I).

Both the foreclosure deed and the accompanying affidavit were executed by Select Portfolio Servicing, Inc. ("Select Portfolio"), which the documents describe as Wells Fargo's attorney-in-fact. The foreclosure deed and the affidavit both reference a power of attorney "recorded herewith."

Mr. Burke lodges what seem to be contradictory allegations with respect to the referenced power of attorney. In paragraphs five and seven of his Amended Complaint, Mr. Burke alleges that no power of attorney was filed with the foreclosure deed or the affidavit. Then, in paragraph nine, he alleges that "notwithstanding [his previous] factual allegations," a power of

---

[2] Mr. Burke's wife, Derika Burke, was also listed on the mortgage. The record indicates that she has not lived at the property for some time, and she is not a party to this case.

attorney authorizing Select Portfolio to act on Wells Fargo's behalf <u>was</u> filed with the Registry of Deeds on the two pages immediately preceding the foreclosure deed.

Mr. Burke lodges a second allegation regarding the power of attorney. He alleges that, at the time Bank of America conveyed the mortgage to Wells Fargo, Select Portfolio was serving as attorney-in-fact for both entities.

Based on these allegations – the purported failure to file a referenced power of attorney, and the fact that Select Portfolio engaged in "simultaneous co-representation of successive title-holders" – Mr. Burke alleges in his Amended Complaint that he was irreparably harmed. The Amended Complaint asserts claims for: (1) wrongful foreclosure; (2) plea of title and wrongful commencement of eviction proceedings; (3) violation of New Hampshire consumer protection law, N.H. Rev. Stat. Ann. § 358-A; (4) breach of the implied covenant of good faith and fair dealing; and (5) fraud.

II.  <u>Procedural Backdrop</u>

Mr. Burke originally brought this suit in the Rockingham County Superior Court in June of 2014, seeking to invalidate the foreclosure and to enjoin a separate eviction proceeding that Wells Fargo had commenced. Wells Fargo then removed the suit to this court based on diversity jurisdiction.

In a prior order dated December 16, 2014, this court dismissed Mr. Burke's complaint, but did so without prejudice because Mr. Burke was proceeding pro se, and because he had sought leave to "include additional claims and/or defendants." The court granted Mr. Burke time to file an amended complaint, and he did so, prompting Wells Fargo to again move for dismissal.

**Legal Standard**

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citations omitted) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Analyzing plausibility is "a context-specific task" in which the court relies on its "judicial experience and common sense." Id. at 679.

**Discussion**

Mr. Burke's Amended Complaint, construed liberally in his favor, asserts that Wells Fargo committed the following wrongful acts: (1) it failed to record a power of attorney with the foreclosure deed and the affidavit, despite reference in those documents to an accompanying power of attorney; and (2) it engaged Select Portfolio as its attorney-in-fact while Select Portfolio was simultaneously acting as attorney-in-fact for Bank of America, the entity that previously held the mortgage on Mr. Burke's home. Based on these allegations, the Amended Complaint asserts that Wells Fargo lacked standing to foreclose, and that Wells Fargo engaged in unfair and deceptive practices.

I. Failure to File Referenced Power of Attorney

Wells Fargo is entitled to dismissal of the Amended Complaint insofar as it alleges that Wells Fargo failed to file a power of attorney with the foreclosure deed and the affidavit in the Rockingham County Registry of Deeds. As an initial matter, Mr. Burke's allegations that Wells Fargo failed to file a power of attorney are directly refuted by a subsequent allegation which plainly states that Wells Fargo did, in fact, file a power of attorney. See Am. Compl. (doc. no. 10) ¶ 9 ("Notwithstanding the factual allegations in the above paragraphs . . . a Power of Attorney authorizing [Select

Portfolio] to act on behalf of Wells Fargo . . . was recorded in the Rockingham County Registry of Deeds on the two pages immediately prior to . . . the subject foreclosure deed.").

Even if the court were to overlook this contradiction, Wells Fargo would nevertheless be entitled to dismissal of these allegations.  In the court's December 16, 2014 order, it dismissed identical allegations on the grounds that New Hampshire law permits, but does not require, that a mortgagee record a power of attorney.  As the court noted, "New Hampshire law provides that a power of attorney <u>may</u> be recorded . . . but does not require recording."  <u>Calef v. Citibank, N.A.</u>, No. 11-cv-526-JL, 2013 U.S. Dist. LEXIS 23881, at *17-18 (D.N.H. Feb. 21, 2013) (citations omitted) (internal quotation marks omitted); <u>see also</u> N.H. Rev. Stat. Ann. § 477:9 ("Every power of attorney to convey real estate must be signed and acknowledged, and <u>may</u> be recorded . . . .") (emphasis added).

In the December 16, 2014 order, the court granted Mr. Burke leave to amend his original complaint to add additional claims or defendants, but instead the Amended Complaint merely rehashes these same allegations.  As the court concluded in its prior order, Wells Fargo's decision not to file a power of attorney does not amount to actionable conduct because Wells Fargo was

under no obligation to do so.[3]  In other words, even if Wells Fargo did fail to file a power of attorney with the foreclosure deed and the affidavit, this omission could not give rise to any of the five claims for relief that Mr. Burke asserts.  Therefore, Mr. Burke's allegations regarding the power of attorney have failed to state a plausible claim upon which relief may be granted.

II.  Simultaneous Co-Representation by Select Portfolio

The Amended Complaint next alleges that Wells Fargo acted improperly be engaging Select Portfolio to act as its attorney-in-fact.  Mr. Burke asserts that Select Portfolio was simultaneously engaged as attorney-in-fact by Bank of America, and he implies that a conflict of interest arose because Bank of America held the mortgage before assigning it to Wells Fargo.

Wells Fargo is entitled to dismissal of these allegations because Mr. Burke lacks standing to assert them.  "New Hampshire law recognizes the general rule that a debtor cannot interpose defects or objections [to an assignment] which merely render the assignment voidable at the election of the assignor or those standing in his shoes.  And it has long been recognized that a conflict of the nature alleged here – i.e., the signatory's

---

[3] Of course, given the contrary allegations, it is an open question whether or not the power of attorney was filed.

employment by both the assignor and assignee – at most makes an assignment voidable by the assignor."  Castagnaro v. Bank of N.Y. Mellon, No. 13-cv-455-JD, 2014 U.S. Dist. LEXIS 7719, at *6-7 (D.N.H. Jan. 21, 2014) (quoting Galvin v. EMC Mortg. Corp., No. 12-cv-320-JL, 2013 U.S. Dist. LEXIS 48961, at *28-29 (D.N.H. Apr. 2, 2013)); see also Bradley v. Wells Fargo Bank, N.A., No. 12-cv-127-PB, 2014 U.S. Dist. LEXIS 26750, at *7-8 (D.N.H. Mar. 3, 2014) ("A mortgagor may not challenge an assignment of the mortgage to a third party based on alleged deficiencies that merely make the assignment voidable at the election of a party to the assignment. . . . Because [plaintiff] was not a party to [the] assignment, he lacks standing to challenge the foreclosure based on [] the alleged deficiencies.").

   The rule denying standing to a mortgagor who seeks to challenge the validity of an assignment of his mortgage from one third party to another applies here.  In his Amended Complaint, Mr. Burke merely identifies a potential conflict of interest that might have arisen because Select Portfolio represented both Bank of America and Wells Fargo.  At most, this conflict of interest would have affected those entities, the assignor and assignee respectively.  However, Mr. Burke has not alleged facts explaining how the potential conflict of interest might have adversely affected him as the mortgagor.  It is for this reason that Mr. Burke does not have standing to contest the validity of

the assignment from Bank of America to Wells Fargo.  Thus, these allegations do not state a plausible claim for relief and are dismissed.

## Conclusion

The court need go no further.  Mr. Burke has asserted five claims (wrongful foreclosure, wrongful eviction, violation of state consumer protection law, breach of the implied covenant, and fraud), but they are each premised only on the allegations regarding the power of attorney and the simultaneous representation by Select Portfolio.  For the reasons described, Mr. Burke has not stated a plausible claim entitling him to relief, despite having been granted an opportunity on the basis of his pro se status to amend his original complaint.  Thus, the court grants Wells Fargo's motion to dismiss (doc. no. 11) with prejudice.  The clerk of the court is directed to enter judgment in favor of Wells Fargo and to close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

May 5, 2015

cc:   John C. Burke, III, pro se
      Nathan Reed Fennessy, Esq.

9